UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

**UNDERWRITERS AT LLOYDS LONDON,**

    **Plaintiff,**

v.            Case No.  8:03-cv-1696-T-30EAJ

**STD ENTERPRISES, INC.,  et al.,**

    **Defendants.**
_____/

## **ORDER**

  THIS CAUSE comes before the Court upon Defendant STD Enterprises, Inc.'s Renewed Motion for Summary Judgment (Dkt. # 66); Defendant STD Enterprises, Inc.'s Memorandum of Law in Support of its Renewed Motion for Summary Judgment and in Opposition to Plaintiff's Renewed Motion for Summary Judgment (Dkts. ## 67 & 68); Underwriters at Lloyd's London's Renewed Motion for Summary Judgment (Dkt. # 64), and Underwriters at Lloyd's London's Memorandum in Opposition to Defendant STD Enterprises' Renewed Motion for Summary Judgment (Dkt. # 74).  The Court, having considered the motions and memoranda, and having heard arguments from counsel on April 25, 2005, finds that the motions for summary judgment should be denied.

### **I.  BACKGROUND**

  Plaintiff Underwriter at Lloyd's London ("Lloyd's") filed this present action seeking a declaratory judgment that Lloyd's does not owe a duty to defend or indemnify STD Enterprises, Inc. ("STD") for the claims made by Alberto and Maria Rivera in state court.

STD filed an Amended Counterclaim against Lloyd's seeking a declaratory judgment that Lloyd's does have a duty to defend STD against the Riveras' claims. This Court has jurisdiction pursuant to 28 U.S.C. § 1332.

Alberto and Maria Rivera filed a complaint against STD in the Circuit Court of the Thirteenth Judicial Circuit in and for Hillsborough County, Florida. The Riveras' complaint alleges that on April 24, 2001, Alberto Rivera was driving a tractor-trailer in Manatee County, Florida. The trailer Mr. Rivera was pulling was allegedly owned by STD and insured by Lloyd's. The Riveras' complaint claims that the "brakes on the trailer owned by Defendant, STD ENTERPRISES, INC., failed causing the trailer to move forward, causing [Mr. Rivera] to lose control of the vehicle, and causing the vehicle to flip." Mr. Rivera allegedly suffered bodily injury as a result of the April 24, 2001, accident.

STD notified Lloyd's of the Riveras' lawsuit and Lloyd's undertook the defense of STD pursuant to auto liability insurance policy number LBA01497. Policy LBA01497 was executed on April 1, 2001, and Lloyd's issued a Binder to STD stating that the policy was effective April 1, 2001. However, STD did not receive its copy of the policy and its endorsements until after the April 24, 2001, accident.

Lloyd's filed this action on August 11, 2003, seeking to be relieved of its duty to defend and indemnify STD under the policy. Lloyd's argues that it does not have a duty to defend or indemnify STD because the Riveras' complaint falls under the policy's "cross-liability" exclusion. This Court previously granted summary for Defendants, holding that Lloyd's had failed to establish that the "cross-liability" exclusion was one of the "usual

terms" of its commercial auto liability policies. Lloyd's moved for reconsideration of the Court's Order on summary judgment in order to submit additional evidence. The Court granted Plaintiff's motion for reconsideration and the parties have both filed renewed motions for summary judgment.

## II.  LEGAL ANALYSIS

### A.  Summary Judgment Standard

Motions for summary judgment should only be granted when the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, show there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. Fed.R.Civ.P. 56(c); Celotex Corp. v. Catrett, 477 U.S. 317, 322 (1986). The existence of some factual disputes between the litigants will not defeat an otherwise properly supported summary judgment motion; "the requirement is that there be no *genuine* issue of *material* fact." Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986)(emphasis in original). The substantive law applicable to the claimed causes of action will identify which facts are material. Id. Throughout this analysis, the judge must examine the evidence in the light most favorable to the non-movant and draw all justifiable inferences in her favor. Id. at 255.

Once a party properly makes a summary judgment motion by demonstrating the absence of a genuine issue of material fact, whether or not accompanied by affidavits, the nonmoving party must go beyond the pleadings through the use of affidavits, depositions, answers to interrogatories and admissions on file, and designate specific facts showing that

there is a genuine issue for trial. Celotex, 477 U.S. at 324. The evidence must be significantly probative to support the claims. Anderson, 477 U.S. at 248-49 (1986).

This Court may not decide a genuine factual dispute at the summary judgment stage. Fernandez v. Bankers Nat'l Life Ins. Co., 906 F.2d 559, 564 (11th Cir. 1990). "[I]f factual issues are present, the Court must deny the motion and proceed to trial." Warrior Tombigbee Transp. Co. v. M/V Nan Fung, 695 F.2d 1294, 1296 (11th Cir.1983). A dispute about a material fact is genuine and summary judgment is inappropriate if the evidence is such that a reasonable jury could return a verdict for the nonmoving party. Anderson, 477 U.S. at 248; Hoffman v. Allied Corp., 912 F.2d 1379 (11th Cir. 1990). However, there must exist a conflict in substantial evidence to pose a jury question. Verbraeken v. Westinghouse Elec. Corp., 881 F.2d 1041, 1045 (11th Cir. 1989).

**B.    Lloyd's Policy and Endorsements**

Lloyd's asserts that it has no duty to defend or indemnify STD because of the "cross-liability" exclusion contained in "Endorsement LSI94-6 Cross Liability Exclusion." Endorsement LSI94-6 provides, in relevant part:

> This Endorsement changes the Certificate issued. Please read it carefully!
>
> This insurance does not apply to liability arising from claims or suits brought by:
>
> > 1.    One insured against another insured that is provided coverage as an insured under this Certificate.

The Commercial Business Auto Certificate ("CBAC") endorsement to the policy defines who is an insured under the policy. Section II of the CBAC provides, in relevant part:

SECTION II - WHO IS AN INSURED

The Following are Insureds:

2. Any other person who is an approved driver identified on the Scheduled Driver Endorsement for any business use of a covered auto.

Lloyd's asserts that there is no coverage under the policy for the Riveras' lawsuit because it involves one insured (Rivera) suing another insured (STD).[1] STD argues that the cross-liability exclusion is inapplicable because it was not contained in the terms of the Binder Lloyd's issued on April 1, 2001. STD asserts that the cross-liability exclusion did not become effective until STD received its copy of the policy sometime after Mr. Rivera's April 24, 2001, accident.

The parties agree that the terms of the Binder are governed by § 627.420, Fla. Stat., which states, in part:

Binders or other contracts for temporary property, marine, casualty, or surety insurance may be made orally or in writing, and shall be deemed to include all the usual terms of the policy as to which the binder was given together with such applicable endorsements as are designated in the binder, except as superseded by the clear and express terms of the binder.

STD argues that the cross-liability exclusion is not included in the terms of the Binder as an "applicable endorsement" because the Binder did not unambiguously designate it as an endorsement. STD asserts that the language in the binder stating "Exclusions/Amendments as Per Quote" fails to properly designate the cross-liability

---

[1] The parties do not dispute that Mr. Rivera was an approved driver identified on the Scheduled Driver Endorsement.

exclusion. There is nothing in the record regarding what exclusions or amendments were included in the quote to STD. Accordingly, a trial is required to determine what exclusions or amendments were included in the quote.

**C.     Duty to Defend**

STD asserts that even if the Court finds that the Binder contained the cross-liability exclusion, Lloyd's still had a duty to defend STD in the underlying action because the Riveras' complaint is devoid of any allegations that Alberto Rivera was engaged in any "business use of a covered auto." Under Florida law, the general rule is that an insurer's obligation to defend is determined solely by the allegations contained in the complaint. See Higgins v. State Farm Fire & Cas. Co., 894 So.2d 5, 10 (Fla. 2004). But the Florida Supreme Court has noted that there are some exceptions to this rule:

> We note, however, that there are some natural exceptions where an insurer's claim that there is no duty to defend is based on factual issues that would not normally be alleged in the underlying complaint. . . . In such circumstances, we believe the courts may entertain a declaratory action seeking a determination of a factual issue upon which the insurer's duty to defend depends.

Id. at 10, n.2.

The Riveras' state court complaint is devoid of any allegations that Alberto Rivera was engaged in the "business use of a covered auto." The state court complaint merely alleges that Alberto Rivera was the driver of a tractor-trailer at the time of the accident and that the trailer was owned by STD. But whether or not Alberto Rivera was engaged in the "business use of a covered auto" was not relevant to the Riveras' claims and therefore would

not normally have been alleged in the underlying complaint. Accordingly, it is proper for the Court to look beyond the allegations contained in the state court complaint to determine whether Lloyd's had a duty to defend STD. Therefore, trial will also address whether Mr. Rivera was engaged in the "business use of a covered auto."

**D.     Reimbursement of Defense Costs**

Lloyd's seeks reimbursement of its costs and fees incurred in defending STD in the underlying state court litigation. Lloyd's undertook the defense of STD in state court without asserting any type of reservation of rights.[2] Under Florida law, an insurer is generally not entitled to attorney's fees and cost incurred in defending an action that ultimately proved to be outside the policy's coverage unless "the defense was initially provided under an express reservation of rights providing for attorney's fees and costs if the insurer prevailed, and if the insured accepts such defense." Wendy's of N.E. Florida, Inc. v. Vandergriff, 865 So.2d 520, 522 (Fla. 1st DCA 2003)(citing Colony Ins. Co. v. G & E Tires and Service, Inc., 777 So.2d 1034, 1038 (Fla. 1st DCA 2000)). Because Lloyd's did not express such a reservation of rights when it undertook STD's defense, it is not entitled to recover these attorney's fees and costs. See id. (insurer's unilateral attempt to reserve rights to attorney's fees and costs 16 months after insurer accepted the defense has no legal effect).

It is therefore ORDERED AND ADJUDGED that:

---

[2] Lloyd's, without further explanation, asserts that "this case simply did not allow for a [reservation of rights]."

1. Defendant STD Enterprises, Inc.'s Renewed Motion for Summary Judgment (Dkt. # 66) is DENIED.

2. Underwriters at Lloyd's London's Renewed Motion for Summary Judgment (Dkt. # 64) is DENIED.

3. The parties are permitted to conduct additional discovery until May 25, 2005.

**DONE** and **ORDERED** in Tampa, Florida on April 27, 2005.

_____
JAMES S. MOODY, JR.
UNITED STATES DISTRICT JUDGE

**Copies furnished to:**
Counsel/Parties of Record

S:\Even\2003\03-cv-1696.msj2.wpd