# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF FLORIDA
# TAMPA DIVISION

**UNDERWRITERS AT LLOYDS LONDON,**

    Plaintiff,

v.                                                                    **Case No: 8:03-CV-1696-T-EAJ**

**STD ENTERPRISES, INC.,
ALBERTO RIVERA, and MARIA
RIVERA, his wife,**

    Defendants.

_____/

## ORDER

Pending before the court are Defendant STD Enterprises, Inc.'s **Motion for Reconsideration** (Dkt. 111), and Plaintiff's **Response** (Dkt. 114). Defendant STD Enterprises, Inc. (hereinafter "STD") requests that the court reconsider its order of October 4, 2005 (Dkt. 109), in which the court denied Defendant STD's motion for summary judgment.

Under Federal Rule of Civil Procedure 59(e), a party may request a court alter or amend a prior judgment within 10 days after entry of judgment. A district court has considerable discretion in whether to alter or amend judgment. American Homes Assur. Co. v. Glenn Estess & Associates, Inc., 763 F.2d 1237, 1238-39 (11th Cir. 1985). Various courts have articulated three major grounds justifying reconsideration: (1) an intervening change in controlling law; (2) the availability of new evidence; (3) the need to correct clear error or prevent manifest injustice. Teresa G. Sussman v. Salem, Saxon & Nielsen, 153 F.R.D. 689, 694 (M.D. Fla. 1994) (citations omitted). For the court to reconsider a judgment, the moving party must set forth facts or law of a "strongly convincing nature" to induce the court to reverse its prior decision. Id. Reconsideration of a previous order is

an extraordinary remedy and, thus, is a power which should be used sparingly.  Id.

In its current motion, Defendant STD does not assert that there has been an intervening change in controlling law or that new evidence is now available.  Defendant STD is ostensibly arguing that reconsideration is necessary to correct clear error or prevent manifest injustice. Defendant STD states that the court either misinterpreted affidavit testimony of Peter Anderson or deviated from the court's previously articulated standard for finding that an exclusion is a usual term of a policy.  (Dkt. 111 at unnumbered 2).  The court will address the latter argument first.

Defendant STD suggests that the court's decision is "a substantial and unexpected departure" from the standard set out by the District Judge in his order of September 15, 2004.[1]  (Dkt. 111 at unnumbered 3).  In that order, the District Judge discussed whether an exclusion could be considered a "usual term" of a policy despite the fact that it is labeled as an endorsement.  (Dkt. 47 at 6).  The District Judge answered in the affirmative and stated, "For example, if an insurer could establish that all of its policies contained a specific exclusion under the heading of 'endorsement,' a court may find that the exclusion was a usual term of the policy."  Id.

With this statement, the District Judge did not formulate a standard for testing whether an exclusion or endorsement is a usual term of a policy.  Rather, the District Judge proposed a hypothetical scenario under which a court could potentially find that an endorsement was a usual term of a policy. In the sentence immediately following the statement, the District Judge noted that Plaintiff had in fact offered no evidence that the exclusion was a usual term of its policies, thus the court was not faced with such a situation.

---

[1] That order was entered by Hon. James S. Moody, Jr., United States District Judge. (Dkt. 47). After the parties consented, the case was reassigned to the undersigned U.S. Magistrate Judge pursuant to 28 U.S.C. § 636(c).

In the order dated October 4, 2005, the undersigned noted the District Judge's hypothetical as an example for the same proposition for which the District Judge used it: that it is possible for an endorsement to be a "usual term" of a policy even though labeled an endorsement. (Dkt. 109 at 8-9). In his September 15, 2004 order, the District Judge was clearly not using the example to define or limit the ways in which an insurer could prove whether an item was a "usual term." The sentence's introductory phrase "for example" precisely identifies the statement as illustrative rather than setting out a legal standard.

Thus in the order of October 4, 2005, the undersigned did not deviate from a previously announced standard, because the District Judge had not formulated a legal test for whether an endorsement was a usual term.[2] Likewise, in finding that the exclusion was a usual term, the undersigned did not find that Plaintiff had shown that all policies issued by Underwriters contain a cross-liability exclusion under the heading of endorsement, because such a legal test had not been established by the court. Rather, the undersigned considered the statutory language of Fla. Stat. § 627.420 as the legal standard, in light of the evidence presented by the parties, in reaching its decision.

The court now turns to Defendant STD's argument regarding Peter Anderson's affidavit testimony. Defendant STD contends that: (1) Plaintiff did not show Mr. Anderson was competent to testify that all commercial auto liability policies issued by Underwriters at Lloyds contain the

---

[2]Even if the District Judge had conclusively determined the interpretation of the statute as urged by Defendant STD, such a ruling would not bind the magistrate judge once the parties consented pursuant to 28 U.S.C. § 636(c) and the case was referred to a specific magistrate judge. Cooper v. Brookshire, 70 F.3d 377, 378 n.6 (5th Cir. 1995) (when the parties consent and the district judge specifically designates a magistrate judge, the magistrate judge acts in the capacity of a district judge and is not bound by prior opinions expressed by the district judge) (citation omitted).

cross-liability exclusion, as he does in his affidavit; and (2) Mr. Anderson's affidavit is inconsistent with his deposition testimony and therefore should be disregarded. Defendant maintains that the discrepancy creates a material issue of fact which directly affects the outcome of the suit. In its response, Plaintiff argues that because of the relationship of the insurance entities involved, Mr. Anderson is competent to testify as to all commercial auto liability policies issued by Underwriters, and that there is no discrepancy between Mr. Anderson's deposition and affidavit testimony. (Dkt. 114 at 4-5).[3]

In the order dated October 4, 2005, the court considered Mr. Anderson's testimony on insurance policies issued by Plaintiff. (Dkt. 109 at 9). The court discussed Mr. Anderson's testimony that when STD received the binder in this case, it had three prior insurance policies from the same brokerage in its possession, and that each of these contained a cross-liability exclusion. Id. The undersigned noted, in a footnote, that Mr. Anderson's affidavit differed slightly from his deposition testimony, but that discrepancy did not create a genuine issue of material fact as to whether the binder was a usual term of the Policy. Id. at n.13. The court's determination that the binder was a usual term of the Policy was based on the fact that three previous policies, issued by the same broker, already in STD's possession, contained the same exclusion.

Defendant STD's argument that Plaintiff did not show Mr. Anderson competent to testify about all commercial auto liability policies issued by Underwriters, as he does in his affidavit, is not germane to the court's analysis of the "usual terms." The court considered Mr. Anderson's

---

[3]In its response, Plaintiff discusses new facts (without citation to the record) regarding the structure and relationship of the insurance entities involved in this action. (Dkt. 114 at 1-4). The undersigned has not considered these facts because they are not necessary or relevant to the court's analysis, as explained infra.

testimony regarding the three specific prior policies about which he had personal knowledge, not Mr. Anderson's more general testimony regarding Underwriters' policies as a whole. (Dkt. 109 at 9). The court's analysis as to the "usual terms" of the policy did not rely on Mr. Anderson's testimony about all commercial auto liability policies issued by Underwriters.

Next, although Mr. Anderson's affidavit is inconsistent with his deposition testimony, this inconsistency is a slight factual dispute that does not impact the court's reasoning or create a material issue of fact which would affect the outcome of the suit. The court examined the factual inconsistency between Mr. Anderson's deposition testimony and his affidavit in the October 4, 2005 order, and adopts the same reasoning for discounting it here. The differences in Mr. Anderson's statements do not create a fact issue because the court's analysis of the usual terms was based on the three prior policies issued from Plaintiff's insurance broker to Defendant STD's insurance broker, a factual matter not in dispute.

Finally, Defendant STD asserts that all the policy forms used to evaluate whether the binder was a usual term of the policy were forms provided by Prime Insurance Syndicate, Inc., an insurance company that was not involved with the policy currently at issue. (Dkt. 111 at unnumbered 9). Defendant STD states that the fact that these policy forms were not drafted by Underwriters or provided to STD by Underwriters should weigh heavily against a finding that the cross-liability exclusion was a usual term of policies issued by Underwriters through other brokers. See id. Defendant STD proposes that this is a critical element of Underwriters' case, which remains a question of fact in light of Mr. Anderson's deposition testimony that he does not know about Underwriters' policies issued through other brokers. (Dkt. 111 at unnumbered 10). Defendant STD argues that the resolution of this disputed fact would alter the outcome of the litigation and that

summary judgment is therefore inappropriate.

Despite Defendant STD's insistence, this is not a disputed issue of fact. Neither party disputes that during the time in question STD had in its possession three prior commercial auto insurance policies issued from Plaintiff's insurance broker to Defendant STD's insurance broker, all of which contained the cross-liability exclusion. The court considered these undisputed facts in its determination that the exclusion was a "usual term" of the Policy at issue: a commercial auto insurance policy. The terms of the policies previously issued to Defendant STD are relevant to this issue. The court's reliance on this evidence in Defendant STD's possession is not "clear error" so as to warrant reconsideration. The October 4, 2005 order is reaffirmed.

Accordingly, upon due consideration, it is **ORDERED** and **ADJUDGED** that:

(1)  Defendant STD Enterprises, Inc.'s **Motion for Reconsideration** (Dkt. 111) is **DENIED**.

**DONE AND ORDERED** in Tampa, Florida on this 17th day of January, 2006.

_____
ELIZABETH A JENKINS
United States Magistrate Judge